UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FRANKLIN LOPEZ and SAMUEL MARTINEZ LOPEZ, *and all others similarly situated*,

    Plaintiffs,

v.

WILLIAM P. BARR, *United States Attorney General*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, JAMES McHENRY, *Director of the Executive Office for Immigration Review*, RYAN R. WOOD, *Assistant Chief Immigration Judge for the Fort Snelling, Minnesota Immigration Court*, CHAD F. WOLF, *Acting Secretary of the United States Department of Homeland Security*, and the UNITED STATES OF AMERICA,

    Defendants.

Civil No. 20-1330 (JRT/BRT)

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

---

Nicholas Ratkowski, **CONTRERAS & METELSKA, PA**, 200 University Avenue West, Suite 200, Saint Paul, MN 55103, for plaintiffs.

Andrew Tweeten, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendants.

Plaintiffs allege that Defendants have violated the Administrative Procedure Act (the "APA"), as well as Plaintiffs' constitutional rights, by issuing, and now following, the Attorney General's decision in *Matter of Castro-Tum*, 27 I. & N. Dec. 271 (A.G. 2018). As

a result, Plaintiffs, who are noncitizens in removal proceedings, are now unable to apply for provisional unlawful presence waivers to adjust their immigration status, as administrative closure of removal proceedings is first required, but such closure is now disallowed under *Castro-Tum*. Thus, Plaintiffs seek to overturn *Castro-Tum*. Defendants have filed a Motion to Dismiss for lack of subject matter jurisdiction, arguing that various provisions of 8 U.S.C. § 1252 bar the Court from considering Plaintiffs' claims. Because Section 1252 strips the Court of subject matter jurisdiction over this action, the Court will grant Defendants' Motion.

**BACKGROUND**

**I. FACTUAL BACKGROUND**

On May 17, 2018, the United States Attorney General issued *Matter of Castro-Tum*. (Am. Compl. ¶ 1, July 13, 2020, Docket No. 6.) *Castro-Tum* held that agency adjudicators, including immigration judges, "may only administratively close a case where a previous regulation or a previous judicially approved settlement expressly authorizes such an action." (*Id.* ¶ 8 (quoting 27 I. & N. Dec. 271, 272 (A.G. 2018).) As a result, noncitizens in removal proceedings are no longer able to administratively close their cases to apply for provisional unlawful presence waivers under 8 U.S.C. § 1182(a)(9)(B)(v) and 8 C.F.R. § 212.7(e)(4)(iii). (*See id.* ¶ 11.)

Plaintiffs are inadmissible noncitizens under 8 U.S.C. § 1182(a)(6)(A)(i). (*See id.* ¶¶ 25, 39.) Both are currently in removal proceedings in immigration court at Fort

Snelling, (*id.* ¶¶ 23, 37), and both filed motions to administratively close their removal proceedings to apply for provisional unlawful presence waivers, (*see id.* ¶¶ 33, 47.) Such waivers, if granted, would allow Plaintiffs to depart the United States and attempt to adjust their immigration status from abroad. (*See id.* ¶¶ 28, 42.)

Plaintiffs' motions were denied by an immigration judge in December 2019. (*Id.* ¶¶ 33, 47). Immigration judges are bound to follow the holding in *Castro-Tum*, and the Acting Secretary of the United States Department of Homeland Security has not amended 8 C.F.R. § 212.7(e)(4)(iii) after *Castro-Tum* to allow noncitizens to qualify for provisional unlawful presence waivers while in removal proceedings. (*See id.* ¶¶ 69, 79, 90–92.)

## II. PROCEDURAL BACKGROUND

Plaintiffs filed their Amended Complaint on July 13, 2020, asserting that the Court has jurisdiction to hear their claims.[1] (*Id.* ¶ 97.) The Amended Complaint includes 12 Counts, which, in sum, allege that Defendants violated the APA and Plaintiffs' Fifth Amendment rights when issuing *Castro-Tum*, and that a new provisional unlawful presence waiver regulation should be proposed in light of *Castro-Tum*'s holding. (*Id.* ¶¶ 327–494.) In response, Defendants have filed a Motion to Dismiss, asserting a facial

---

[1] Plaintiffs asserted the following jurisdictional grounds: 28 U.S.C. §§ 1331 (federal question), 1346 (United States as defendant), 1361 (mandamus actions against U.S. officers, employees, or agencies), 1367 (supplemental jurisdiction). Plaintiffs also asserted 28 U.S.C § 1651 (All Writs Act) as a jurisdictional ground, but this statute is "not a source of subject-matter jurisdiction." *United States v. Denedo*, 556 U.S. 904, 913 (2009).

attack on the Amended Complaint and asking the Court to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Mot. Dismiss, Aug. 14, 2020, Docket No. 15.)

## DISCUSSION

### I. STANDARD OF REVIEW

The Court may dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  "Dismissal for lack of subject matter jurisdiction will not be granted lightly.  Dismissal is proper, however, when a facial attack on a complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction."  *Wheeler v. St. Louis Sw. Ry. Co.*, 90 F.3d 327, 329 (8th Cir. 1996) (citation omitted).  "In a facial attack, the court merely needs to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction."  *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015) (cleaned up).  When deciding a motion that presents a facial attack, the Court "restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."  *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted).  As such, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party.  *See Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

## II. ANALYSIS

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiffs' claims because various provisions of Section 1252 either reserve judicial review of all questions of law and fact arising from removal proceedings to the circuit courts, or prohibit district courts from reviewing any claims arising from decisions or actions to adjudicate removal proceedings. The Court agrees.

### A. Section 1252(b)(9)

Section 1252(b)(9) states, in pertinent part, that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien . . . shall be available only in judicial review of a final order[.]"  8 U.S.C. § 1252(b)(9). As is clear from the statutory text, § 1252(b)(9) consolidates all questions of law and fact, including constitutional and statutory challenges, arising from removal proceedings into one petition for review—the review of a final removal order. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020).

Further, only a circuit court has jurisdiction to review an order of removal. *See* 18 U.S.C. § 1252(a)(5). As such, Section 1252 is designed to channel all issues "arising from" removal proceedings into the circuit courts and eliminate review of such issues in the district courts. *Nasrallah*, 140 S. Ct. at 1690; *Lopez v. Heinauer*, 332 F.3d 507, 510 (8th Cir.

2003) (establishing that the Eighth Circuit has exclusive jurisdiction over actions concerning the adjudication or execution of removal orders).

Here, Plaintiffs assert that they are challenging *Castro-Tum*, not an issue arising from their removal proceedings.  However, any claim challenging *Castro-Tum* can only arise in removal proceedings, for *Castro-Tum* only has effect with respect to removal proceedings, as it singularly operates to prohibit immigration judges, while adjudicating removal proceedings, from temporarily pausing cases by means of administrative closure. *See Matter of Castro-Tum*, 27 I. & N. Dec. 271, 272–74 (2018).  Further, Plaintiffs' motions for administrative closure were made and denied during the adjudication of their removability, thus foreclosing Plaintiffs' ability to pause their removal proceedings to apply for provisional unlawful presence waivers—a result they hope to ameliorate by overturning *Castro-Tum*.

As such, Plaintiffs are still challenging "part of the process by which their removability will be determined" and, thus, their claims fall squarely within the realm of Section 1252(b)(9) and its jurisdictional bar. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018); *see also Tazu v. Attorney Gen. United States*, 975 F.3d 292, 294 (3d Cir. 2020) (finding § 1252(b)(9) to be a jurisdictional bar when a noncitizen sought to recalender his removal proceedings to obtain a provisional unlawful presence waiver); *Martinez v. Napolitano*, 704 F.3d 620, 622–23 (9th Cir. 2012) (holding that Section 1252(b)(9) bars

district court review of any issue inextricably linked to removal, including APA claims).[2]

Accordingly, the Court finds that Section 1252(b)(9) bars the Court from considering Plaintiffs' claims.[3]

### B. Section 1252(g)

Section 1252(g) presents an additional jurisdictional bar. It states, in relevant part, that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action of the Attorney General to commence

---

[2] *But cf. Nielsen v. Preap*, 139 S. Ct. 954, 962 (2019) (holding that claims challenging the denial of bond hearings while in mandatory immigration detention were not barred); *Jennings*, 138 S. Ct. at 840–41 (finding no bar when challenging prolonged immigration detention without periodic bond hearings); *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding no bar when challenging a detention-like return to Mexico while the United States decided whether to remove noncitizens to Guatemala; however, a challenge to the Immigration and Nationality Act's right-to-counsel provision, which is limited to removal proceedings, was barred). In these cases, plaintiffs' challenges involved legal questions too remote from actions taken to remove or detain noncitizens, *see Jennings*, 138 S. Ct. at 841 n.3, which could not meaningfully be reviewed alongside a circuit court's review of a final removal order, *see E.O.H.C.* 950 F.3d at 186. The opposite is the case here. *See infra* note 3.

[3] The Court notes that Plaintiffs' claims are not foreclosed from meaningful judicial review—only that Plaintiffs must wait to assert them until final removal orders have issued, after which they can petition for review in the Eighth Circuit. Other plaintiffs, in nearly identical situations, have pursued this path and successfully challenged the *Castro-Tum* decision. *See, e.g.*, *Meza Morales v. Barr*, 973 F.3d 656, 660, 664–67 (7th Cir. 2020); *Romero v. Barr*, 937 F.3d 282, 286, 297 (4th Cir. 2019); *see also Puma Bravo v. Wolf*, 796 F. App'x 53, 55 (2d Cir. 2020) ("Appellants have a proper avenue to challenge *Castro-Tum*: They may request administrative closure directly from an [immigration judge], who, stripped of his power to assess whether closure is warranted as a matter of discretion, will be bound to deny . . . They can then appeal to the Board of Immigration Appeals to argue that *Castro-Tum* was wrongly decided and petition this Court for review.").

proceedings, adjudicate cases, or execute removal orders against any alien[.]"[4]  8 U.S.C. § 1252(g).  The purpose of this provision is to protect particular administrative determinations, such as decisions to not abandon removal proceedings, from judicial review until after a final order has issued, if at all.  *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–85 (1999); *id.* at 485 n.9 ("Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion."); *see also Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) (holding that, so long as the claim arises from a decision to adjudicate cases, discretionary or not, there is no jurisdiction to consider the claim in district court).

The dispositive question, then, is whether granting or denying administrative closure is an administrative determination protected from judicial review in district court.  Recently, the Court found that a motion brought by the government to recalendar a case was inextricably linked to an executive decision to adjudicate removal proceedings.  *See Giombetti v. Wolf*, No. 20-873, 2020 WL 2319855, at *4 (D. Minn. May 11, 2020).  Thus, the Court was barred by § 1252(g) from considering any claims arising from this administrative determination, including the plaintiff's subsequent inability to apply for a provisional unlawful presence waiver.  *Id.* at *1, *4.

---

[4] Although § 1252(g) says "no court," the Eighth Circuit has interpreted this to mean that judicial review of causes or claims falling within the purview of § 1252(g) is confined exclusively to circuit courts.  *See Shah v. Reno*, 184 F.3d 719, 722 (8th Cir. 1999).

The Court finds that administrative closure is analogous to recalendering. First, administrative closure is a procedural tool to manage an immigration judge's calendar, *see Hernandez v. Holder*, 606 F.3d 900, 904 (8th Cir. 2010), as is the procedural tool of recalendering. Further, both tools are opposite sides of the same coin: a party in removal proceedings can similarly move the immigration court to pause (administratively close) or restart (recalendar) a case.

Thus, the Court finds that an immigration judge's denial of a motion to pause a removal proceeding is also inextricably linked to the adjudication of removal proceedings and, as a result, is an administrative determination protected from judicial review in district courts. *Accord Gonzalez-Vega v. Lynch*, 839 F.3d 738, 741 (8th Cir. 2016) ("[C]ircuit courts have jurisdiction to review denials of motions for administrative closure, assuming, of course, that other judicial prerequisites (like finality) are satisfied." (citations omitted)).[5] Further, the Court finds that Plaintiffs' claims arise from the immigration judge's decision to deny administrative closure in their cases, per *Castro-Tum*, as it was this decision that subsequently precluded Plaintiffs from applying for provisional unlawful presence waivers. Accordingly, the Court finds that § 1252(g) also bars the Court from considering Plaintiffs' claims.

---

[5] Plaintiffs assert that the collateral order doctrine permits the Court to review unripe claims. However, the collateral order doctrine only applies when an order involves a question that would be "effectively unreviewable on appeal from a final judgment," *Will v. Hallock*, 546 U.S. 345, 349 (2006), which is not the case here, as *Gonzalez-Vega* makes clear. *Gonzalez-Vega*, 839 F.3d at 741.

## CONCLUSION

Section 1252 prohibits the Court from considering Plaintiffs' claims, as they involve questions of law and fact arising from removal proceedings and arise from executive decisions to adjudicate removal proceedings. Accordingly, the Court lacks subject matter jurisdiction over this action and will therefore grant Defendants' Motion to Dismiss.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 15] is **GRANTED** and this action is **DISMISSED without prejudice.**

DATED: January 20, 2021  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court